In re the MARRIAGE OF Laura Poynter ALLEN and Ronald Lewis Allen.

Upon the Petition of Laura Poynter Allen, Petitioner–Appellee/Cross–Appellant,

and Concerning Ronald Lewis Allen, Respondent–Appellant/Cross–Appellee.

No. 91–1169.

Court of Appeals of Iowa.

Sept. 29, 1992.

Robert H. Laden and Teri Beyer of Hyland, Laden & Pearson, P.C., Des Moines, for appellant.

Charles F. Fairall of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case challenges the economic provisions of a decree dissolving a long-term traditional marriage. Respondent-appellant Ronald Lewis Allen and petitioner-appellee Laura Poynter Allen were married in 1973. They have four children born in 1979, 1981, 1982, and 1984. The parties, by agreement, assumed joint custody of the children and Laura was to have primary physical care.

The trial court heard the issues of alimony, child support, and property division. Before trial, the parties agreed their property should be divided equally, but they disagreed about how such a division would be reached. The trial court divided the property, awarded Laura alimony of $750 a month for six years, and ordered Ronald to pay child support of $2,520 a month payable on the first and fifteenth of each

month. Ronald was to pay as additional child support 48.1 percent of the net amount of any additional compensation, including achievement awards or bonuses he may receive.

Laura is thirty-nine years old, is in good health, and is a licensed dental hygienist. Ronald is forty-one years old, in good health, holds a Master's degree in Safety Management, and currently is employed.

Laura had finished her education and was working as a hygienist when the parties married. The parties were married in January, and Ronald completed his education that summer. Neither party brought any assets of value into the marriage. Both parties worked outside the home until the first child was born in 1979. Laura did not work outside the home again until the parties separated. She currently works as a dental hygienist two mornings a week. Laura's license is current, and she is licensed to practice in several states.

Ronald is the Loss Prevention Director for Fisher Controls in Marshalltown. He has been employed there since 1980. Ronald's current salary is $87,000 annually. In 1991, Ronald received a bonus from Fisher.

Ronald's first contention is the property division is not equal, and Laura received about $7,000 more in property than he did. Because the parties agreed to an equal division of the property as a part of their settlement stipulation, we review to determine whether the division is equal. Ronald contends he did not receive an equal division of the household furnishings. On our de novo review, we agree with him on this issue. However, we do not modify the division of personal property. We instead consider this inequity in assessing Ronald's challenge to the order awarding Laura attorney fees. We affirm the property division.

Ronald was ordered to pay $2,520 in child support per month, $750 in alimony per month, and pay for the children's medical insurance, $650 for braces, and Laura's attorney fees of about $2,400. In addition, Ronald was ordered to pay 48.1 percent of any bonus after taxes were deducted.

Ronald next contends the trial court awarded Laura excessive child support and alimony. Ronald advances Laura has a degree in dental hygiene, has kept her license current, is presently working as a dental hygienist, and she needs no further training to become self-supporting. Ronald says the fact that Laura is not currently employed full-time outside the home is of her own choosing. Ronald complains that before the parties' separation, Laura was outside the home more than forty hours a week in volunteer work and hobby-type jobs that provided no financial rewards. Ronald says Laura could be self-supporting if she would give up her hobbies and volunteering, and exchange these hours away from the children for paid employment. Ronald claims these facts make the alimony and child support awards inequitable.

Laura argues her volunteer work has been cut down. She advances that the children require a considerable amount of her time. The children all take piano lessons, are involved in their church, are all on a swim team; the older children are in band, track, and dance. Laura says she provides the transportation, gets them ready for school, and is available when they have problems. Laura says she and the two older children had emotional difficulties as a result of the marriage breaking up, and they are in counseling. Consequently, Laura argues it is now appropriate that she only work one day a week outside the home. Laura contends on cross-appeal she should have alimony for twelve years, not just six years.

The right to receive alimony is not absolute but depends on the circumstances of the case. *See In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). In determining if alimony is warranted and assessing the amount of an award, we look to Iowa Code section 598.21(3). *See In re Marriage of Hayne*, 334 N.W.2d 347, 350 (Iowa App.1983). In determining the appropriateness of alimony, we consider the earning capacity of each party, their present standards of living, and ability to pay, balanced against their relative needs. *See In re Marriage of Estlund*, 344 N.W.2d

276, 281 (Iowa App.1983). We consider the economic provisions of the decree as a whole. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437–38 (Iowa 1981). In this case, we look to the career sacrifices Laura has made, and we consider the career choices Laura shall be denied because of the responsibility she has assumed for the four children.

We do not find it necessary to address Ronald's challenge that Laura should not receive alimony or should receive a very limited amount because she has the education, licensing, and ability to be very gainfully employed. We consider the sacrifices Laura has made, her extended absence from the job market, and the loss of contribution to social security and pension in her own right. We note the initial decision that Laura stay home to care for the children and home was a joint decision.

We recognize the primary responsibility for four children is substantial. We find Ronald fails to understand these responsibilities in his argument. We reject Laura's cross-appeal that asks for an extension of the alimony award. We find the amount and the duration of alimony to be equitable.

The problem Laura does not recognize is alimony carries with it few of the securities of employment outside the home. Laura will lose the alimony should she remarry or should Ronald die. The income she receives from alimony is not accumulating FICA, and she is not accumulating other pension plans or job security.

Ronald also challenges the amount he is to pay in child support and the failure of the trial court to award him the tax exemptions for all the children. Ronald first contends the alimony he pays should be deducted in determining his income for purposes of applying the child support guidelines, and the alimony income should be added to Laura's income. Ronald contends, even if Laura's alimony is terminated, in fixing child support she should be charged with what she could earn. He cites *In re Marriage of Heinemann,* 309 N.W.2d 151, 152 (Iowa App.1981) to support his position.

We again do not adopt Ronald's argument that Laura should be generating more income for the reasons for which we have earlier rejected this argument.

The next question is whether the trial court should have considered alimony paid and alimony received in determining net income for child support purposes. In *In re Marriage of Lalone,* 469 N.W.2d 695, 697 (Iowa 1991), the court affirmed the trial court's computation of income for child support purposes which was arrived at by subtracting alimony to be paid by the noncustodial parent and adding the alimony income to the custodial parent's income. In *In re Marriage of Miller,* 475 N.W.2d 675, 680 (Iowa App.1991), the court found the trial court had not abused its discretion in not making such a computation where the alimony was in a lesser amount and for a shorter duration than *Lalone.*

■ Ronald, the primary wage earner, was ordered to pay substantial alimony for an extended period. We agree with Ronald, the alimony should be subtracted from his income in computing child support. The trial court found Ronald's net monthly income to be $5,239. We, therefore, modify that figure to $4,489. The trial court found Laura's net monthly income to be $352. We therefore modify that figure to $1,102. We determine the child support for the four children should be $1,795.60 monthly, payable one-half on the first and one-half on the fifteenth of each month. In addition, Ronald shall be entitled to claim the income tax exemptions for the first, second and fourth child, and Laura shall execute and deliver those papers necessary for him to obtain such deductions. Laura shall be entitled to claim the income tax exemption for the third child. The support shall reduce to $1,571.15 a month when there are three children entitled to support, $1,346.70 when there are two children entitled to support, and $1,010.02 when there is one child entitled to support.

■ Ronald next advances that the requirement he pay 48.1 percent of net bonus income is not equitable. We find no inequity in this provision. Ronald need only pay if he actually receives a bonus. We recog-

nize the difficulty in determining the amount of his net bonus. We modify to provide Ronald shall pay 20 percent of the total bonus income before any deductions when there are four children entitled to support, 15 percent of the total bonus income before any deductions when there are three children entitled to support, 10 percent of the total bonus income before any deductions when there are two children entitled to support, and 5 percent of the total bonus income before any deductions when there is one child entitled to support.

■ Ronald also contends Laura should not have been awarded attorney fees of $2,395.50 because she received substantial property in her own right. Having determined the property division was not equal as the parties agreed it would be, we strike the provision awarding Laura attorney fees.

Laura has requested Ronald pay all the children's medical expenses not covered by insurance. We deny this request.

We award no attorney fees on appeal. The costs on appeal are taxed one-half to each party.

AFFIRMED AS MODIFIED.