STEVENS v DEPARTMENT OF SOCIAL SERVICES

HATLAK v DEPARTMENT OF SOCIAL SERVICES

Docket Nos. 192574, 193417. Submitted June 3, 1997, at Grand Rapids. Decided October 17, 1997, at 9:20 A.M.

Kelley E. Stevens, a Native American, petitioned the Cheboygan Circuit Court, seeking review of a Department of Social Services hearing referee's determination that the proceeds the petitioner received from her tribe's casino gaming revenue should be considered income for purposes of computing her eligibility for federal assistance programs. The court, Robert C. Livo, J., agreed with the hearing referee and dismissed the appeal. The petitioner appealed from that order by leave granted. (Docket No. 192574).

Karen Hatlak, a Native American, petitioned the Bay Circuit Court, seeking review of an identical determination. The court, Lawrence M. Bielawski, J., agreed with the hearing referee and affirmed the referee's order. The petitioner appealed from that order by leave granted. (Docket No. 193417). The appeals were consolidated.

The Court of Appeals *held*:

1. The hearing referees properly determined that the petitioners' gaming revenue should be viewed as income in determining the petitioners' eligibility for aid for families with dependent children (ADC) benefits and food stamp assistance.

2. All sources of income must be considered in determining eligibility for the ADC program unless an exception is specifically authorized by federal law. There is no federal statute specifically authorizing the exclusion of tribal gaming revenues from consideration as income for ADC purposes.

3. 25 USC 1407 does not authorize excluding tribal gaming revenues from consideration for ADC eligibility.

4. 25 USC 2710(b)(3) does not contain a restriction against including tribal gaming revenues as income in determining eligibility for ADC or any other federal program and evidences a congressional intent that those revenues be counted in determining eligibility for ADC and other federal assistance programs.

Affirmed.

INDIANS — FEDERAL ASSISTANCE PROGRAMS — CASINO GAMING REVENUE — INCOME.

Native Americans' receipt of proceeds from their tribe's casino gaming revenue is income for purposes of computing their eligibility for federal assistance programs such as aid to families with dependent children benefits and food stamps assistance (45 CFR 233.20[a][1][i], 25 USC 2710[b][3]).

Michigan Indian Legal Services, Inc. (by *James A. Keedy*), for the petitioners.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas P. Boyd*, Assistant Attorney General, for the respondent.

Before: GAGE, P.J., and MCDONALD and FITZGERALD, JJ.

PER CURIAM. In these consolidated appeals we are called upon to determine whether proceeds received by petitioners, Native Americans, from their tribe's casino gaming revenue should be considered income for purposes of computing their eligibility for federal assistance programs. In both cases the Department of Social Services (DSS) hearing referees' decisions to include the revenue as income were affirmed by the circuit courts. We also affirm.

Both petitioners contest the inclusion of gaming revenue as income in determining their eligibility for aid for families with dependent children (ADC) benefits and food stamp assistance.

The ADC program is a federal program established under the Social Security Act, 42 USC 601 *et seq.*, and administered at the state level pursuant to MCL 400.24 *et seq.*; MSA 16.424 *et seq.* When determining eligibility for this program, all sources of income must be considered unless an exception is specifically

authorized by federal law. 45 CFR 233.20(a)(1)(i); see also *Bulla v Director, Dep't of Social Services*, 159 Mich App 665; 406 NW2d 908 (1987). Because there is no federal statute specifically authorizing the exclusion of tribal gaming revenues from consideration as income for ADC purposes, the DSS was correct in using petitioners' gaming income to evaluate their eligibility.

Petitioners rely on 25 USC 1407 as authority for excluding tribal gaming revenues from consideration for ADC eligibility. The statute provides in pertinent part:

> None of the funds which . . . are distributed per capita or held in trust pursuant to a plan approved under the provisions of this chapter . . . including all interest and investment income accrued thereon while such funds are so held in trust, shall be subject to Federal or State income taxes, nor shall such funds nor their availability be considered as income or resources nor otherwise utilized as the basis for denying or reducing the financial assistance or other benefits to which such household or member would otherwise be entitled under the Social Security Act . . . or, except for per capita shares in excess of $2,000, any Federal or federally assisted program.

Statutes, however, must be "read in context so as to produce an harmonious whole." *People v Raby*, 218 Mich App 78, 80-81; 554 NW2d 25 (1996). This statute addresses funds "distributed per capita or held in trust pursuant to a plan approved under the provisions of this chapter" and is part of title XXV, chapter 16, which applies to Indian funds acquired in satisfaction of a judgment in favor of an Indian tribe and held in trust by the Secretary of the Interior. 25 USC 1401 *et seq.* Section 1401 provides in pertinent part:

> (a) Use and distribution

Notwithstanding any other law, all use or distribution of funds appropriated in satisfaction of a judgment of the Indian Claims Commission or the United States Court of Federal Claims in favor of any Indian tribe, . . . together with any investment income earned thereon, after payment of attorney fees and litigation expenses, shall be made pursuant to the provisions of this chapter.

(b) Amounts remaining to be held in trust unless otherwise provided

Except as provided in sections 164 and 165 of this title, amounts which the Secretary of the Interior has remaining after execution of either a plan under this chapter, or another Act enacted heretofore or hereafter providing for the use or distribution of amounts awarded in satisfaction of a judgment in favor of an Indian tribe or tribes, together with any investment income earned thereon and after payment of attorney fees and litigation expenses, shall be held in trust by the Secretary for the tribe or tribes involved if the plan or Act does not otherwise provide for the use of such amounts.

(c) Short title

This chapter may be cited as the "Indian Tribal Judgment Funds Use or Distribution Act."

Tribal gaming revenues do not fall within this section. Even if tribal gaming revenues were considered held in trust by the federal government, the revenues are not obtained as a result of a judgment. A legislative body is presumed to have intended the meaning it plainly expressed. *People v Roseburgh*, 215 Mich App 237; 545 NW2d 14 (1996); *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7; 551 NW2d 199 (1996). Petitioners cite no precedent for interpreting 25 USC 1407 more broadly than its plain meaning.

Tribal gaming is regulated by the Indian Gaming Commission, and its chairman is authorized to approve plans for the distribution of gaming revenue

to the members of the tribe. See 25 USC 2710(b)(3), which provides:

> Net revenues from any class II gaming activities conducted or licensed by any Indian tribe may be used to make per capita payments to members of the Indian tribe only if—
>
> (A) the Indian tribe has prepared a plan to allocate revenues to uses authorized by paragraph (2)(B);
>
> (B) the plan is approved by the Secretary as adequate, particularly with respect to uses described in clause (i) or (iii) of paragraph (2)(B);
>
> (C) the interests of minors and other legally incompetent persons who are entitled to receive any of the per capita payments are protected and preserved and the per capita payments are disbursed to the parents or legal guardian of such minors or legal incompetents in such amounts as may be necessary for the health, education, or welfare, of the minor or other legally incompetent person under a plan approved by the Secretary and the governing body of the Indian tribe; and
>
> (D) the per capita payments are subject to Federal taxation and tribes notify members of such tax liability when payments are made.

The statute does not contain a restriction against including tribal gaming revenues as income in determining eligibility for ADC or any other federal program. If Congress had intended there be such an exception, it would have stated that intent as it has by including explicit exemptions in other statutes. See 25 USC 1407, which provides tribal judgment funds are not to be counted as income in determining eligibility for social security programs, such as ADC. We find that the failure to include an explicit exception for tribal gaming revenues evidences congressional intent that those revenues be counted in determining eligibility for ADC and other federal assistance

programs, such as food stamp assistance. See *Gazette v Pontiac*, 212 Mich App 162; 536 NW2d 854 (1995).

"When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and therefore, precluded." *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). Moreover, if the intention of the legislative body is clear, it must prevail regardless of any conflicting rule of statutory construction. *In re Certified Question*, 433 Mich 710; 449 NW2d 660 (1989). We find only one possible interpretation of these statutes—tribal gaming revenues should be counted as income in determining eligibility for ADC and other federal assistance programs. Therefore, we need not address petitioners' arguments concerning the Indian canons of construction. These rules would apply only if the statutes were ambiguous.

Affirmed.