Zahra, J.
 

 Following a jury trial, defendant was convicted of welfare fraud as a result of violating MCL 400.60(2); MSA 16.460(2). The trial court sentenced defendant to three years’ probation with six months in jail; however, it imposed only one day in jail (giving her credit for one day already served) and held the remainder of the jail term in abeyance. Defendant appeals as of right. We affirm.
 

 Defendant first became a recipient of public assistance in July 1990. In January 1991, defendant was injured in a motor vehicle accident. As a result of the injuries, defendant, in October 1991, received approximately $30,000 in a personal injury insurance settlement. MCL 400.60(2); MSA 16.460(2) imposes on anyone receiving benefits under the Social Welfare Act, MCL 400.1
 
 et seq.;
 
 MSA 16.401
 
 et seq.,
 
 a duty to report, among other things, “the complete circumstances in regard to his income from employment or from any other source” and “information concerning changes in his circumstances . . . which would decrease the need for relief.” Defendant was charged with and convicted of failing to report her receipt of
 
 *20
 
 the personal injury award to the Department of Social Services and, later, to its successor, the Family Independence Agency (fia), pursuant to the requirements of MCL 400.60(2)(a); MSA 16.460(2)(a) or MCL 400.60(2)(c); MSA 16.460(2)(c).
 

 Defendant first contends that the evidence was insufficient to sustain her conviction. Defendant notes that the provision under which she was convicted requires a showing that she either failed to report “income” or failed to report a change in circumstances “which would decrease [her] need for relief.” Defendant argues that because there was no showing that the settlement check she received constituted “income” within the meaning of the statute or that the receipt of the settlement check decreased her need for public assistance, her conviction was unsupported by the evidence. We disagree.
 

 When reviewing a claim regarding the sufficiency of the evidence, this Court examines the evidence in a light most favorable to the prosecution to determine if a rational jury could find that the essential elements of the offense were proved beyond a reasonable doubt.
 
 People v Wolfe,
 
 440 Mich 508, 515-516, n 6; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Defendant’s argument is largely based on a question of statutory interpretation. This is a legal issue that is reviewed de novo.
 
 Yaldo v North Pointe Ins Co,
 
 457 Mich 341, 344; 578 NW2d 274 (1998). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature.
 
 Port Huron v Amoco Oil Co, Inc,
 
 229 Mich App 616, 624; 583 NW2d 215 (1998). The first criterion in determining intent is the specific language of the statute.
 
 Id.
 
 If the plain and ordinary meaning of the lan
 
 *21
 
 guage is clear, judicial construction is normally neither necessary nor permitted.
 
 Id.
 
 If reasonable minds can differ regarding the meaning of statutory language, this Court will seek to interpret that language, bearing in mind that the Legislature is presumed to have intended the meaning it has plainly expressed.
 
 Yaldo, supra
 
 at 346.
 

 Looking to the plain meaning of the words used in the statute, we conclude that defendant’s settlement check was “income” as contemplated by the Social Welfare Act. While the term “income” is commonly defined to include monetary payment received for goods or services, the concept of “influx,” or “a coming in” is also incorporated in the common definition.
 
 Lukhard v Reed,
 
 481 US 368, 375; 107 S Ct 1807; 95 L Ed 2d 328 (1987);
 
 Random House Webster’s College Dictionary
 
 (1997). Furthermore, that the statute imposes a duty to report “income from employment
 
 or from any other source”
 
 compels us to reject defendant’s restrictive definition of “income” that is limited to benefits “derived from work, investment or capital,” or in other words, “earned” income.
 

 Further, our reading of the plain language of the statute is compatible with its legislative intent. The Aid to Families with Dependent Children (afdc) program is a federal program established under the Social Security Act, 42 USC 601
 
 et seq.
 
 It is administered at the state level pursuant to MCL 400.24
 
 et seq.;
 
 MSA 16.424
 
 et seq. Stevens v Dep’t of Social Services,
 
 226 Mich App 61, 62; 572 NW2d 41 (1997). The preamble to 1939 PA 280, which established the Social Welfare Act, lists among the act’s purposes, the protection of the welfare of the people of Michigan and the provision of general relief to poor and unfortu
 
 *22
 
 nate persons.
 
 King v Director of Midland Co Dep’t of Social Services,
 
 73 Mich App 253, 259; 251 NW2d 270 (1977). Another goal of social welfare programs is to help recipients attain or retain the maximum level of self-support and personal independence.
 
 McKee v Dep’t of Social Services,
 
 424 Mich 404, 415; 381 NW2d 679 (1985); See, also, MCL 400.55(d); MSA 16.455(d) and MCL 400.57a; MSA 16.457a. Defining income for purposes of the Social Welfare Act to include lump-sum personal injury awards is consistent with these stated statutory objectives because its ultimate effect would be to foster financial and social independence by compelling recipients of public assistance to use, for the necessities of life, resources available to them from other sources.
 

 In arriving at a determination whether defendant’s settlement check was “income,” we are also assisted by federal authority. In
 
 Lukhard,
 
 a plurality of the United States Supreme Court held that a state could define a lump-sum personal injury award as income for the purposes of determining eligibility for the AFDC program. The Court further noted that during the pendency of that case, a rule had been promulgated that specifically provided for treating personal injury awards as income for the purposes of determining afdc eligibility.
 
 Lukhard, supra
 
 at 379, n 5, citing 45 CFR 233.20(a)(3)(ii)(F). In
 
 Stevens, supra
 
 at 62-63, this Court held that “[w]hen determining eligibility for [the AFDC program], all sources of income must be considered unless an exception is specifically authorized by federal law.” Thus, because federal law provides for the inclusion, rather than exclusion, of lump-sum lawsuit settlement awards, the FIA properly considered defendant’s lump-sum personal injury
 
 *23
 
 award as income in compliance with federal requirements.
 
 [1]
 

 Lump-sum payments of personal injury awards constitute “income” for purposes of the act. Defendant admitted that she received a settlement check for approximately $30,000 and there was evidence from which the jury could conclude that defendant did not notify the FIA of this settlement. Therefore, there was sufficient evidence that defendant received income that she was required by MCL 400.60(2); MSA 16.460(2) to report to the fia and that she failed to do so.
 

 Defendant also contends that there was insufficient evidence that the receipt of the settlement check constituted a change in circumstances that reduced her need for relief. Defendant argues that she spent the settlement award to pay existing debts and that after paying the debts she still required public assistance. Therefore, she concludes, the settlement award did not decrease her need for relief.
 

 
 *24
 
 The Social Welfare Act provides for the cancellation, suspension, or alteration of a grant of assistance where the recipient’s circumstances have significantly changed. MCL 400.41; MSA 16.441 and MCL 400.43; MSA 16.443. The determination whether a partial modification or a complete elimination of relief is appropriate requires an analysis of the degree to which a recipient’s circumstances have changed. A commonsense reading of subsection 60(2) in light of these other provisions of the Social Welfare Act suggests that the phrase “which would decrease the need for relief” must be read to mean “to lessen to any degree the need for relief” rather than, as defendant would read the phrase, “to entirely eliminate a recipient’s need for relief.”
 

 The evidence at trial demonstrated that defendant had received an insurance settlement of approximately $30,000 and had failed to report it to her caseworker. The evidence also established that had defendant reported this settlement, her public assistance would have been suspended for fifty-six months because she would have been expected to pay her living expenses from the settlement rather than from public assistance. The jury could thus infer that the receipt of $30,000 changed defendant’s circumstances by decreasing, to some degree, her need for relief. The jury could further infer that defendant failed to notify the department of her change in circumstances because she realized she would lose her public assistance benefits.
 

 Defendant claims that the prosecutor did not prove that she did not use the settlement to pay existing bills. However, aside from the fact that the prosecutor was not required to prove affirmative assertions
 
 *25
 
 based on facts that were entirely within defendant’s knowledge, even if the jury assumed that defendant used the settlement check to pay existing debts, that does not alter the fact that the receipt of that money represented a change in her circumstances that enabled her to meet her obligations independent of public assistance and therefore decreased her need for relief. This Court therefore concludes that sufficient evidence was presented from which the jury could conclude that defendant had failed to report a change of circumstances that would decrease the need for relief.
 

 Defendant finally contends that the jury instructions were defective because they did not define “income” and because they did not require the jury to find that defendant’s need for relief had decreased. Defendant did not request any modifications to the standard instructions utilized by the trial court and failed to object to the instructions as given; therefore, review is for manifest injustice.
 
 People v Van Dorsten,
 
 441 Mich 540, 544-545; 494 NW2d 737 (1993);
 
 People v Torres (On Remand),
 
 222 Mich App 411, 423; 564 NW2d 149 (1997). “Manifest injustice occurs where the erroneous or omitted instruction pertains to a basic and controlling issue in the case.”
 
 Id.
 
 at 423.
 

 At trial, defendant did not contest that the settlement payment was income, and she did not dispute that receipt of the settlement had constituted a change in circumstances that had decreased her need for relief. Instead, defendant based her defense on the contention that she had in fact notified her caseworker and informed her of the settlement, but the caseworker had failed to record that fact in the case file. Given the nature of the defense, we find no
 
 *26
 
 manifest injustice from the trial court’s failure to expand on the standard instructions sua sponte.
 

 Affirmed.
 

 [1]
 

 We also reject defendant’s claim that because the Internal Revenue Code does not treat personal injury awards as “gross income,” the same result should ensue in the context of the Social Welfare Act. We find persuasive the Supreme Court’s discussion of this argument in
 
 Lukhard, supra:
 

 But in each of these instances [the Internal Revenue Code, the Food Stamp program, and the United States Department of Health and Human Services poverty guidelines] there is an
 
 express
 
 provision that personal injury awards are not to be treated as income — which causes them not only to fail to support the proposition that the term “income” automatically excludes personal injury awards, but to support the opposite proposition that absent express exclusion it embraces them. Moreover, the fact that Congress was silent in the afdc statute but has elsewhere been explicit when it wished to exclude personal injury awards from income tends to refute rather than support a legislative intent to exclude them from afdc computations.
 
 [Lukhard, supra
 
 at 376-377 (emphasis in original).]