**Dwayne A. SEYMOUR, Appellant,**

v.

**Heather D. HUNTER, Appellee.**

**No. 98–600.**

Supreme Court of Iowa.

Dec. 22, 1999.

Barry S. Kaplan of Fairall, Fairall, Kaplan, Hoglan & Condon, Marshalltown, for appellant.

Roger W. Sunleaf of McNeil & Sunleaf, Montezuma, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, JJ., and HARRIS,* S.J.

HARRIS, Senior Judge.

This appeal challenges a trial court determination that a "per capita" payment to a Native American by reason of tribe membership should be considered income and included in computing his child support obligation. Because we think the inclusion was correct, we affirm. We reverse on a cross-appeal challenging the denial of attorney fees.

Heather, the respondent, and Dwayne, the petitioner, are parents of two children. Heather, their primary caregiver, earned $16,411 in 1997, the year on which the support payment obligations were reckoned. Dwayne, a member of the Meskwaki Indian tribe, earned $29,795 that year as an electronic advisor at the tribe's casino near Tama, Iowa. As a member of the tribe, every year Dwayne was also paid a "per capita" income. The tribal council fixes per capita payments from earnings of the casino. Per capita payments are not guaranteed, but have been paid regularly in various amounts, depending on the tribal council's determinations. In 1996, the tribal council paid Dwayne (and all other tribe members) $30,620. In 1997, per capita payments were $24,500. These payments were in addition to the money Dwayne earned in his position at the casino. The district court held a hearing to consider Heather's application that Dwayne's child support payments be increased. In the challenged order, the court increased his payments from $488.08 to $970.93 per month by agreeing that Dwayne's per capita payments were income.

I. Dwayne's sole assignment on appeal challenges consideration of the per capita payments as income in fixing his child support. Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. Dwayne's challenge however is limited to a legal issue (interpretation of support guidelines under Iowa Code section 598.21(4) (1999)), on which our review is on error. Heather cross-appeals, maintaining she should have been awarded trial attorney fees. The award of attorney fees is reviewed for an abuse of trial court discretion. *In re Marriage of Geil,* 509 N.W.2d 738, 743 (Iowa 1993).

II. Dwayne argues that because the payments are unguaranteed, speculative, and left totally to the whim of the tribal council, they are not "income" subject to the child support guidelines. He likens the payments to overtime that is not included in gross income when it is an "anomaly" or uncertain or speculative. He argues his next per capita payment may be substantially lower due to costs associated with improvements the tribe made to the casino.

We think the trial court had it right. Income, for purposes of guidelines, need not be guaranteed. History over recent years is the best test of whether such a payment is expected or speculative. In calculating the effect of bonuses, such as the per capita payments, the court should consider and average them as earnings over recent years and decide whether the receipt of an annual payment should be reasonably expected. *In re Marriage of Russell,* 511 N.W.2d 890, 893 (Iowa App. 1993); *In re Marriage of Pettit,* 493 N.W.2d 865, 868 (Iowa App.1992); *In re Marriage of Allen,* 493 N.W.2d 273, 275–76 (Iowa App.1992). The same test applies to overtime pay. *In re Marriage of Brown,* 487 N.W.2d 331, 333 (Iowa 1992). To ignore recent experience would be to invite manipulation of the guidelines by arrangements with friendly employers, earmarking part of the expected earnings by labeling them as bonuses. It is not controlling that the amount of such payment be fixed, or even that the various bonus payments be of similar size.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

We are not alone in such a view. Consideration of shares of tribal gaming income as income for analogous purposes was approved in *Stevens v. DDS*, 226 Mich. App. 61, 572 N.W.2d 41, 44 (1997). It was clearly appropriate on this record.

■ III. Without indicating why, the district court rejected Heather's application that Dwayne pay for her attorney fees in this proceeding. Such a ruling is discretionary. *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995). Notwithstanding the deference we accord such a ruling, we cannot accede to the denial here. Dwayne applied for change of custody of the children and withdrew that application only on the date of the hearing. Heather's counsel was accordingly compelled to prepare a defense to the application. Heather's application for modification was meritorious and resulted in a substantial increase in child support. Finally, the court should consider the wide disparity in the earnings of Dwayne and Heather.

We conclude that the trial court should have ordered Dwayne to pay for Heather's attorney fees. She is entitled to them both at trial and on appeal. The amount certified to this court, $2062.50, is reasonable. The case must be reversed and remanded for entry of an order accordingly.

**AFFIRMED ON THE APPEAL; REVERSED AND REMANDED ON THE CROSS–APPEAL.**