# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

AMIER DASHAD HILL,

        Defendant-Appellee.

UNPUBLISHED
December 13, 2016

No.  328290
Genesee Circuit Court
LC No.  14-034578-FC

Before:  JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded guilty to unarmed robbery, MCL 750.530, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  He was sentenced to 36 to 180 months' imprisonment for the unarmed robbery conviction, and two years' imprisonment for the felony-firearm conviction.  The prosecution appeals by leave granted.[1]  We affirm.

This case arises from defendant's guilty plea stemming from the robbery of the victim, Eugene Dean.  On June 2, 2015, a hearing was held during which defense counsel indicated that defendant was willing to consider a plea agreement.  During this hearing, defense counsel estimated that defendant's sentencing guidelines range for unarmed robbery would be 36 to 71 months' imprisonment.  The trial court asked defendant if he was willing to consider accepting a plea for this case, and defendant responded that he had asked his attorney if it would be possible to get an agreement at the low end of his guidelines.  The trial court replied by asking defendant if the low end was "down in the 36 level," and defendant said yes.  The trial court then made the following offer to defendant: "If you plead right now to these cases I'll give you what you want."  Defendant accepted the trial court's offer, which created a *Cobbs*[2] agreement between defendant and the trial court.  The trial court concluded the hearing to allow time for the prosecution to finalize the paperwork for the plea agreement.  Later that day, defendant pleaded guilty to unarmed robbery and felony-firearm.  Per defendant's plea agreement, the trial court dismissed

---

[1] *People v Hill*, unpublished order of the Court of Appeals, entered September 27, 2016 (Docket No. 328290).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

defendant's assault with intent to commit murder, MCL 750.83, and felon in possession of a firearm, MCL 750.224f, charges.

Defendant was sentenced on June 25, 2015. At sentencing, defendant challenged the probation officer's recommended assessment of 25 points for offense variable (OV) 13 in his Sentencing Information Report (SIR). After hearing defendant's argument and the prosecution's response, which relied on dismissed felony charges listed in defendant's Presentence Investigation Report (PSIR), the trial court assessed 25 points for OV 13. However, the trial court's assessment of OV 13 prompted a discussion about the exact terms of the *Cobbs* agreement the trial court made with defendant. Defense counsel stated that she could not recall whether the *Cobbs* agreement was for the "bottom" of the sentencing guidelines, or if the agreement was for 36 months' imprisonment. Defendant believed the *Cobbs* agreement was for 36 months' imprisonment. The trial court responded as follows: "Well for the sake of judicial convenience, I'll change OV 13 so that it is 36 months. So what did you want OV 13 to go to?" Defense counsel confirmed that zero points should be assessed for OV 13. The prosecutor then objected, stating that she was "not sure why we're going back on things that we've just argued and decided to mash it into what we're not even sure the agreement was."

Ultimately, after the trial court took a brief recess and reviewed video footage of the plea hearing, the trial court confirmed that, during the plea hearing, defendant said he would plead if he could get the low end of the sentencing guidelines, but he did not specifically say 36 months. The trial court noted, however, that it promised to give defendant what he wanted if defendant pleaded guilty. As a result, the trial court said, "I'm gonna change OV 13 to say that uh, because it's a different victim, it goes to zero." The trial court's reassessment of OV 13 reduced defendant's OV level to IV, and changed defendant's minimum sentencing guidelines range from 43 to 86 months to 36 to 71 months. The trial court then sentenced defendant to 36 to 180 months' imprisonment for unarmed robbery and two years' imprisonment for felony-firearm.

The prosecution argues that the trial court clearly erred when it assessed zero points for OV 13 after it had initially assessed 25 points. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

OV 13 is assessed to account for a "continuing pattern of criminal behavior" by a defendant. MCL 777.43(1). In relevant part, if the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more crimes against a person," then OV 13 must be assessed at 25 points. MCL 777.43(1)(c). If "no pattern of felonious criminal activity existed," then zero points must be assessed for OV 13. MCL 777.43(1)(g). Under OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). See also *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). "A sentencing court is free to consider charges that were

earlier dismissed, if there is a preponderance of the evidence supporting that the offense took place." *Id.* (citation omitted). This includes charges dismissed as a result of a plea agreement. *Id.*

"When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). When reviewing the record evidence, a trial court may make "reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012), aff'd 495 Mich 33 (2014).

The prosecution and defendant both agree that defendant's sentencing offense of unarmed robbery is a counted offense under OV 13. Defendant's PSIR lists defendant's criminal history, which includes two dismissed charges arising from an incident on January 26, 2014. In that case, defendant was charged with assault with intent to commit murder and assault with intent to cause great bodily harm less than murder, but he ultimately pleaded guilty to aggravated assault. Aggravated assault is a misdemeanor offense, and only felonies are counted under OV 13. See MCL 750.81a(1); MCL 777.43(1)(c). At sentencing, defense counsel conceded that if aggravated assault "were a felony it would be a person crime," and that as a result defendant only committed "two people crimes." Following defendant's argument, the trial court responded that "[t]he aggravated assault started out as a felony charge, it was broken down with the agreement that he'd get 365 days [in] jail." After the trial court heard the prosecution's argument that even offenses that did not result in a conviction are counted under OV 13, the trial court ruled that it would keep the 25-point score for OV 13 "the same."

The trial court did not explain the basis for its initial assessment of 25 points for OV 13 on the record. However, it is most likely, based on defendant's PSIR and the content of the parties' arguments, that the trial court initially assessed 25 points for OV 13 by counting defendant's dismissed charges of assault with intent to cause great bodily harm less than murder and assault with intent to commit murder.[3] Assault with intent to cause great bodily harm less than murder and assault with intent to commit murder are both classified as crimes against a person, and therefore, both qualify as counted offenses under OV 13. MCL 777.16d.

Regardless of the trial court's motivation when it revised its earlier assessment of 25 points to zero points for OV 13, the trial court's ultimate assessment was correct because there was not a preponderance of the evidence supporting a score of 25 points for OV 13.[4] A conviction for aggravated assault requires proof that a defendant "assault[ed] an individual without a weapon and inflict[ed] serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.81a(1).

---

[3] Defendant's PSIR does not list any additional felony offenses within five years of the instant offense for crimes against a person.

[4] This Court "will not reverse where the trial court reached the right result for a wrong reason." *People v Biller*, 239 Mich App 590, 595 n 4; 609 NW2d 199 (2000).

The elements of assault with intent to commit great bodily harm less than murder are " '(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.' " *People v Dillard*, 303 Mich App 372, 377-378; 845 NW2d 518 (2013) (citation omitted). "The elements of assault with intent to commit murder are '(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder.' " *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010) (citation omitted).

In order for the trial court to have found that defendant actually committed an assault with intent to cause great bodily harm less than murder or an assault with intent to commit murder, it would have needed to find that defendant intended to either cause great bodily harm less than murder or actually intended to kill by a preponderance of the evidence. The only evidence contained in the record is that defendant was charged with assault with intent to commit great bodily harm less than murder and assault with intent to commit murder, which resulted in the assignment of a circuit court case number, and that defendant ultimately pleaded guilty to aggravated assault.

It is unclear how the trial court could have inferred defendant's intent to either cause great bodily harm less than murder or to kill from defendant's guilty plea to an offense that requires a lack of intent to commit great bodily harm or to kill. It is also unclear how defendant's dismissed charges of assault with intent to commit great bodily harm less than murder and assault with intent to commit murder support a reasonable inference that defendant acted with the requisite intent for those crimes without other evidence. See *Nix*, 301 Mich App at 204-206 (holding that the trial court did not err when assessing OV 13 because the trial court could have found that the defendant actually committed a charge dismissed pursuant to a plea agreement where the defendant admitted to the underlying conduct at trial, and where the defendant's PSIR contained an account by the victim of the dismissed offense); *Earl*, 297 Mich App at 110-111 (holding that the trial court did not err when it found that a defendant committed a dismissed charge of bank robbery where the defendant's PSIR indicated that he was identified by his parole officer as the perpetrator of the bank robbery, and because, at sentencing, the prosecution presented surveillance photographs from that robbery).

At sentencing, the prosecution did not provide any additional evidence, beyond defendant's PSIR, that defendant actually committed either an assault with intent to cause great bodily harm less than murder or an assault with intent to commit murder three days after his sentencing offense. On appeal, the prosecution argues that a preponderance of the evidence supported a finding that defendant committed these two offenses. The prosecution notes that both offenses were bound over to circuit court, a fact which can be inferred from the circuit court case number assigned to these offenses in defendant's PSIR. A valid bindover does not require a preponderance of the evidence that the crime was actually committed, but instead requires only probable cause, which only requires "a quantum of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief' of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (citation omitted). Therefore, the trial court could not have found that these offenses were committed by a preponderance of the evidence by relying on an inference that a bindover occurred, without any other evidence in the record. See *People v Butler*, 865 NW2d 29 (2015) (vacating the defendant's sentence where OV 13 was assessed at 25 points "based on out-of-state charges or accusations" because the

prosecution had not proved by a preponderance of the evidence that the crimes actually took place).[5]  Thus, to the extent the trial court considered the facts giving rise to the dismissed charges, it could not have found by a preponderance of the evidence that defendant committed an assault with intent to commit great bodily harm less than murder or an assault with intent to commit murder.[6]  Accordingly, the court did not err in assessing zero points for OV 13.

     Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra

---

[5] An order of our Supreme Court is binding precedent on this Court "if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 371; 817 NW2d 504 (2012).

[6] On appeal, defendant invokes the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and argues that even if the trial court erred when it scored OV 13, the issue is moot because the trial court ultimately rendered a reasonable sentence. However, *Lockridge* did not "undercut the requirement that the highest number of points possible *must* be assessed for all OVs, whether using judge-found facts or not." *Id*. at 392 n 28.  This Court in turn has held that "given the continued relevance to the Michigan sentencing scheme of scoring the variables, the standards of review traditionally applied to the trial court's scoring of the variables remain viable." *People v Steanhouse*, 313 Mich App 1, 38; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).