PEOPLE v GOOLD

Docket No. 222490. Submitted May 2, 2000, at Grand Rapids. Decided May
    26, 2000, at 9:25 A.M. Leave to appeal denied, 463 Mich 863.

    Randy B. Goold was bound over to the Kent Circuit Court on two
    counts of first-degree criminal sexual conduct and two counts of
    third-degree criminal sexual conduct (CSC III). The charges arose
    out of the defendant's alleged sexual penetration of his twenty-one-
    year-old stepdaughter. At the preliminary examination, the com-
    plainant testified concerning two separate attacks by the defendant
    involving separate acts of oral and vaginal penetration and a nurse
    testified concerning injuries suffered by the complainant. The dis-
    trict court initially bound over the defendant on three counts,
    including one count of CSC III that was based on the defendant's
    alleged sexual penetration involving the use of force or coercion
    pursuant to MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). However, at
    the request of the prosecution, the district court bound over the
    defendant on an additional count of CSC III pursuant to MCL
    750.520d(1)(d); MSA 28.788(4)(1)(d), which prohibits sexual pene-
    tration between persons related by affinity to the third degree. The
    defendant moved to quash the additional count of CSC III. The cir-
    cuit court, Robert A. Benson, J., denied the motion to quash, but
    granted the defendant's motion to adjourn the circuit court pro-
    ceedings to allow the defendant to seek an interlocutory appeal.
    The defendant appealed by leave granted.

        The Court of Appeals held:

        1. Subsection 520d(1) provides that a person is guilty of CSC III if
    the person engages in sexual penetration of another and "if any of
    the following circumstances exist," thereafter listing among the
    necessary aggravating factors the use of force or coercion in sub-
    section 520d(1)(b), and that the sexual penetration be of a person
    that is related by affinity to the third degree and "under circum-
    stances not otherwise prohibited by this chapter" in subsection
    520d(1)(d).

        2. Although the language of subsection 520d(1)(d) clearly pro-
    vides that a person can be convicted under that subsection only if
    the penetration occurs under circumstances that are not otherwise
    prohibited under the chapter of the Penal Code relating to criminal

sexual conduct, there is nothing in that language that prohibits the prosecution from bringing a charge on the basis of the familial affinity aggravating factor of subsection 520d(1)(d) as an alternative to other charges of criminal sexual conduct or that requires the prosecution to elect to prosecute only on the basis of familial affinity where the evidence supports other charges of criminal sexual conduct on alternative bases. While the district court was correct in implicitly concluding that the prosecution could charge the defendant with CSC III on the basis of familial affinity along with the other charges of criminal sexual conduct, the charge on the basis of familial affinity should have been included as an alternative basis within a single CSC III count rather than as a separate count. Accordingly, the district court erred in allowing the prosecution to add the separate CSC III count based on the familial affinity, and the circuit court erred in failing to correct the district court's error by quashing the added CSC III count. The order of the circuit court denying the motion to quash the added count must be reversed.

Reversed.

RAPE — CRIMINAL SEXUAL CONDUCT — CRIMINAL COMPLAINTS — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — AFFINITY.

The prosecution may not charge in separate counts third-degree criminal sexual conduct on the basis of force or coercion and third-degree criminal sexual conduct on the basis of the victim having affinity to the third degree with the defendant where these separate bases for prosecution arise out of a single act of penetration; where the circumstances would support a conviction on either of those bases, the prosecution may seek a single count of third-degree criminal sexual conduct that pleads those bases in the alternative; although the prosecution may charge third-degree criminal sexual conduct on the basis of familial affinity along with other charges of criminal sexual conduct, a defendant can be convicted of third-degree criminal sexual conduct on the basis of familial affinity only if the sexual penetration occurs under circumstances not otherwise prohibited by the provisions of the section of the Penal Code relating to criminal sexual conduct (MCL 750.520d[1][d]; MSA 28.788[4][1][d]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *T. Lynn Hopkins*, Assistant Prosecuting Attorney, for the people.

*David A. Dodge,* for the defendant.

Before: BANDSTRA, C.J., and JANSEN and WHITBECK, JJ.

WHITBECK, J. Defendant, Randy B. Goold, appeals by leave granted. He challenges the circuit court's order denying his motion to quash the count in the information charging him with third-degree criminal sexual conduct (CSC III) against his twenty-one-year-old step-daughter, because she was a relative within three degrees of affinity, MCL 750.520d(1)(d); MSA 28.788(4)(1)(d).[1] We address whether a prosecutor may charge a defendant both with criminal sexual conduct under MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) and with one or more other offenses made criminal under other sections of the statutes prohibiting criminal sexual conduct. We conclude that the statute permits filing these multiple charges as alternative theories in the same count in a criminal information, but that the district court erred in permitting the prosecutor to charge Goold with two theories of CSC III in separate counts. The circuit court then erred in denying the defense motion to quash the relevant count in the information. Therefore, we reverse.

## I. BASIC FACTS

The complainant,[2] who testified at a July 21, 1999, preliminary examination in the district court, stated that she arrived in Grand Rapids by bus from the

---

[1] This statute punishes what is commonly known as incest without regard to the parties' consent to the sexual activity.

[2] We are cognizant that the charges against Goold are, at this point, only allegations in a criminal information and that the prosecutor bears the burden of proving Goold's guilt beyond a reasonable doubt.

state of Wyoming on June 28, 1999. She made the trip to Grand Rapids to help Goold, her stepfather for the last thirteen years, drive from Grand Rapids to Wyoming. Goold evidently picked her up from the bus station and drove her to his apartment.

The complainant recalled that later that evening, while Goold was taking his bath, he called to her to come into the bathroom. She ignored him at first, but then went near the bathroom to determine why he was calling her. Goold took that opportunity to tell her that he loved her. Goold next asked her to take a bath with him, but she refused, explaining to him that she was his daughter and he should not ask his daughter to do that kind of thing. She then walked to the front room to put on her shoes.

Goold got out of the bathtub, walked into the front room in his underwear, and knelt beside her near the couch where she was sitting. The complainant continued to remind Goold that she was his daughter and told Goold not to ask her "to do this." Then, according to the complainant, Goold ripped, but did not remove, her shirt and bra. When she screamed, Goold covered her mouth, but she pushed his hand away. Goold then stood up, forced her to stand up, and removed her shorts, shirt, and bra. Even though she tried to push him away, Goold put his mouth on her vagina, pulled her arms down, and told her to give him oral sex. The complainant refused, but Goold grabbed her head and forced her to give him oral sex while telling her that he did not want to have to hurt her. Goold forced her to lie on the couch and then engaged in vaginal intercourse with her before forcing her to the floor, at which time he told her to masturbate. The complainant refused, but Goold insisted and

forced her hand "down there" so that she mastur-
bated. Afterward, Goold penetrated her vagina again,
first with his fingers and then with his penis. When
the complainant told Goold to stop and that she did
not like what he was doing, Goold told her that he
was enjoying it.

After the alleged assault, the complainant said, she
and Goold left the apartment, shopped for clothes
and food, and then returned to the apartment to eat.
After a short time, Goold took off the complainant's
shirt and pants, leaving her to sit on the couch in her
bra and underwear. Goold finished eating and then
told her to lie on the floor next to him. When she
complied, he extended his leg over her so she could
not get up. When Goold began falling asleep, he
stated that they should go to bed and walked behind
her into the bedroom, where they went to bed. The
complainant tried to get up when she thought Goold
was sleeping, but Goold awoke and grabbed her when
he felt her moving. She started to cry and, when
Goold asked her what was wrong, she responded, "I
don't want to." Goold put his mouth on her vagina
and also forced his fingers inside of her vagina, but
this time the complainant was able to kick Goold and
run out of the apartment. The complainant fled to a
nearby house, where she told the resident that her
father had raped her and asked the resident to call
the police.

## II. PROCEDURAL HISTORY

At the preliminary examination, the complainant
testified that she never consented to any of the sexual
conduct with Goold. As a result of Goold's alleged
attack on her, she suffered a rug burn on her back

and shoulders and scratches on her arm. A nurse who examined the complainant on the morning of June 29, 1999, corroborated the complainant's claim that she had been injured. The nurse reported that the complainant had sustained abrasions and injuries to her shoulder area, her back, and her arms, and that the injuries to her genital area were consistent with injuries caused by forced penile-vaginal penetration. The nurse also stated that the complainant was tearful and shaking at the time of the examination.

After the nurse testified, the prosecutor asked the district court to bind over Goold on the three counts included in the felony complaint. The three counts in the complaint included two counts of criminal sexual conduct in the first degree (CSC I) and one count of CSC III. The CSC III count was based on Goold's use of force or coercion in engaging in sexual penetration with the complainant contrary to MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). At the preliminary examination, however, the prosecutor also asked the district court to bind over Goold on an additional count of CSC III pursuant to MCL 750.520d(1)(d); MSA 28.788(4)(1)(d), which prohibits sexual penetration between persons related within three degrees of affinity. The district court bound over Goold to the circuit court as originally charged and on this additional CSC III count.

In the circuit court, Goold moved to quash the additional CSC III affinity count, and the circuit court held a hearing regarding this motion. At the hearing, the circuit court denied Goold's motion to quash the additional CSC III affinity count, but granted Goold's motion to adjourn proceedings so that Goold could seek this interlocutory appeal. This Court granted Goold's application for leave to appeal, limiting

review to whether the circuit court erred in denying Goold's motion to quash the CSC III affinity count of the information.

### III. CHARGING CRIMINAL SEXUAL CONDUCT

#### A. ARGUMENTS ON APPEAL

MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) prohibits "sexual penetration with another person" if "[t]hat other person is related to the actor by blood or affinity to the third degree and the sexual penetration occurs under circumstances not otherwise prohibited by this chapter." Goold argues that this provision specifically prohibits a prosecutor from *charging* a defendant under MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) unless the "penetration occurs under circumstances not otherwise prohibited under this chapter." He contends that the prosecutor could not charge him with this specific offense because the testimony at the preliminary examination indicates that the penetration occurred under circumstances supporting CSC I and other CSC III counts, which *are* circumstances "otherwise prohibited" under the criminal sexual conduct chapter.

The prosecutor argues that, under the clear language of the statute, it is apparent that the Legislature did not intend to preclude a prosecutor from *charging* these offenses in the alternative. According to the prosecutor, the statute only prohibits a defendant from being *convicted* of CSC III by virtue of the defendant's familial relationship with the victim *and* another section of the chapter prohibiting criminal sexual conduct. The prosecutor contends that because the statute does not preclude the prosecutor from *charg-*

*ing* this additional count and the evidence presented at the preliminary examination supported a claim of CSC III involving affinity, the district court did not err in binding over defendant on the additional CSC III count.

Therefore, we consider whether the language of MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) precluded the district court from binding over Goold on the additional CSC III affinity count because Goold's alleged conduct implicated other statutes prohibiting criminal sexual conduct.

### B. PRESERVATION OF THE ISSUE AND STANDARD OF REVIEW

Goold preserved this issue for appeal by moving to quash the CSC III affinity count of the information. See *People v Miller*, 130 Mich App 116, 117; 342 NW2d 926 (1983). The issue on appeal centers on the meaning of the criminal statutes at issue in this case and, therefore, is primarily a question of law, which we review de novo. *People v Hammons*, 210 Mich App 554, 557; 534 NW2d 183 (1995).

### C. STATUTORY CONSTRUCTION

This Court must construe MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) by giving effect to legislative intent as evidenced by the plain meaning of the language. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). If the language of the statute is unambiguous, this Court must enforce it without any further analysis. *Id.* Only when "reasonable minds" could disagree regarding the proper meaning of the statute does the Court have a role in interpreting it. *People v Joseph*, 237 Mich App 18, 21; 601 NW2d 882 (1999).

The key language in MCL 750.520d(1); MSA 28.788(4)(1) states that "[a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the" aggravating circumstances enumerated in the statute also "exist." Thus, as a whole, MCL 750.520d(1); MSA 28.788(4)(1) focuses on the distinction between guilt and innocence of the proscribed acts; MCL 750.520d(1); MSA 28.788(4)(1) does not focus on, or even mention, a prosecutor's ability to charge a person with committing acts prohibited under the statute, even though a criminal charge is a preliminary step toward the factfinder's ultimate decision concerning a defendant's guilt or innocence. When reading both the introduction to the CSC III statute in subsection 1 and the aggravating circumstance enumerated in subsection 1(d), this language unambiguously provides that a defendant can be found guilty, i.e., *convicted,* of CSC III only if the sexual penetration occurs "under circumstances not otherwise prohibited by this chapter."

Accordingly, the prosecutor may present the factfinder with a CSC III charge relying on evidence of affinity as well as other CSC charges and theories. In that situation, if the factfinder determines that the evidence establishes a factual basis on which to convict the defendant of CSC III on the basis of familial affinity, the factfinder may return a guilty verdict on that charge only if it does not convict the defendant of any other CSC charge involving penetration. Therefore, the district court in this case did not err in implicitly concluding that the prosecutor could *charge* Goold with CSC III involving a familial relation-

ship within three degrees of affinity along with the other CSC charges.[3]

### D. *PEOPLE V ROGERS*

Goold also argues that even if MCL 750.520d(1)(d); MSA 28.788(4)(1)(d) does not preclude the prosecutor from charging him with other CSC offenses, the prosecutor should be forced to choose only one CSC III offense pursuant to the Supreme Court's decision in *People v Rogers*, 438 Mich 602; 475 NW2d 717 (1991). *Rogers* suggests that, when two separate statutes prohibit the same conduct, a prosecutor has discretion to decide under which statute to prosecute the defendant. *Id.* at 607-609. This case, however, does not involve prosecution under two separate statutes for the same allegedly criminal conduct. Instead, this case involves the *same* alleged criminal conduct, sexual penetration, prosecuted under the *same* statute, MCL 750.520d; MSA 28.788(4), with different aggravating elements, affinity between the perpetrator and victim or penetration accomplished with force or coercion.

Goold's argument that a prosecutor does not have discretion to prosecute the same conduct using all possible statutes is, in general, wrong. A prosecutor has broad discretion when charging defendants, *People v Venticinque*, 459 Mich 90, 100-101; 586 NW2d

---

[3] The record does not reveal what thought, if any, the district court gave to the distinction between charging a defendant with CSC III aggravated by affinity and other CSC offenses and convicting a defendant of that specific CSC III offense as well as other CSC offenses. Nevertheless, the district court reached the correct result in this case. Ordinarily, when a lower court reaches the right result, even for the wrong reason, this Court will affirm. *People v Chavies*, 234 Mich App 274, 284; 593 NW2d 655 (1999). However, a separate error in this case requires reversal.

732 (1998), and "it is generally permissible [for a prosecutor] to charge in a single information all offenses which do arise out of a single criminal transaction or occurrence," *People v Nicolaides*, 148 Mich App 100, 102; 383 NW2d 620 (1985). In this situation, the prosecutor must charge a defendant under a single count using alternative theories, but the prosecutor does not have to elect one theory over the other. *Id.* at 102-103.

In the present case, the district court erred in allowing the prosecutor to add CSC III aggravated by affinity as a separate charge to the criminal complaint rather than merely amending the preexisting CSC III charge to include affinity as an alternative theory to force or coercion.[4] The circuit court failed to correct this error. Accordingly, we reverse the circuit court's decision denying the motion to quash the count alleging CSC III aggravated by the affinity between Goold and the complainant.[5]

Reversed.

---

[4] Goold does not specifically argue that the circuit court erred in denying the motion to quash the fourth count of the criminal information because the prosecutor should have charged it as an alternative, rather than separate, count. However, we believe that this argument is implicit in Goold's contention that the circuit court should have forced the prosecutor to elect between the separate CSC III counts.

[5] We note that MCR 6.112(G) permits the prosecutor, in the exercise of discretion, to amend the criminal information unless it would cause unfair surprise or prejudice. The prosecutor can certainly follow this course of action on remand. Should this case eventually go to trial, we emphasize that Goold cannot, under the plain language of MCL 750.520d(1)(d); MSA 28.788(4)(1)(d), be convicted of the CSC III affinity charge if he is convicted of any of the other CSC charges. If a jury sits as factfinder in a trial in this case, the instructions to the jury should make this choice clear.