NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0124n.06
Filed: February 28, 2008

No. 07-1190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANIEL CHARLES DUNN,

      Defendant-Appellant.

_____/

On appeal from the United States District Court for the Western District of Michigan

BEFORE:    RYAN and DAUGHTREY, Circuit Judges; COHN, District Judge.[*]

    RYAN, Circuit Judge.     The defendant, Daniel Charles Dunn, pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A, and was sentenced to 168 months' imprisonment. The defendant now appeals the district court's decision to apply a five-level enhancement under the United States Sentencing Guidelines for engaging in a pattern of activity involving sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5). We find that the district court's sentence is reasonable and we affirm.

**I.**

    The defendant was charged with three separate counts relating to possession of child pornography. He admitted owning approximately 3779 images and 40 DVDs, and

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

writing a number of pornographic stories about children. In exchange for his guilty plea to the first count, the prosecutor agreed to move for dismissal of the second and third counts. Dunn pleaded guilty to transporting images of minors engaging in sexually explicit conduct, prohibited by 18 U.S.C. § 2252A, and the district court dismissed the remaining counts. A probation officer prepared a presentence investigation report recommending a five-level enhancement under the Guidelines based on U.S.S.G. § 2G2.2(b)(5). The resulting total offense level was 35 which produced an advisory range of 168-210 months' imprisonment. The district court adopted the recommendations in the report, including the five-level enhancement, and sentenced the defendant to 168 months' imprisonment.

The only aspect of the sentence calculation pertinent to this appeal is the five-level enhancement for engaging in a pattern of activity involving sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5). The district court based its decision to grant this enhancement on evidence presented during the sentencing hearing that the defendant committed incest with his son on two occasions when his son was under eighteen years of age. The district court acknowledged that the government presented evidence of other incidents that could have qualified for the enhancement, but the court stated that it relied only on these two incidents in making its determination. The defendant now appeals the district court's sentencing calculation.

## II.

This court reviews a district court's choice of sentence to determine whether it is unreasonable. United States v. Booker, 543 U.S. 220, 261 (2005). In the recent case of Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court instructed appellate courts

to "first ensure that the district court committed no significant procedural error," and second, to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. at 597.

While the reasonableness standard of review applies to the actual sentence imposed by the district court, for individual guideline determinations, we defer to the district court's factual findings, unless they are clearly erroneous. United States v. Davidson, 409 F.3d 304, 310 (6th Cir. 2005); see Gall, 128 S. Ct. at 597. Mixed questions of law and fact are reviewed de novo. Davidson, 409 F.3d at 310.

**III.**

Dunn claims the district court improperly calculated a five-level enhancement based on a pattern of activity involving sexual abuse under U.S.S.G. § 2G2.2(b)(5). Since this alleges procedural, rather than substantive, error, we address it first. See Gall, 128 S. Ct. at 597.

**A.**

Dunn argues that the government presented insufficient evidence to support the five-level enhancement because the incidents relied upon by the district court do not qualify for the enhancement.

The relevant section of the United States Sentencing Guidelines provides: "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by **5** levels." U.S.S.G. § 2G2.2(b)(5) (2006). The application notes indicate the term "minor" means an individual who has not attained the age of eighteen years. U.S.S.G. § 2G2.2(b)(5), comment. (n.1). Further, the notes explain that a "pattern

of activity" is present when a defendant commits at least two separate instances of "sexual abuse or exploitation."  Id.  These other incidents need not have occurred during the course of the charged offense, involved the same minor, or even resulted in a conviction. Id.

The application notes also explain that the phrase "sexual abuse or exploitation" means conduct described in 18 U.S.C. §§ 2241, 2242, 2243, 2251, 2251A, 2260(b), 2421, 2422, or 2423, or an offense under state law that would have been an offense under such sections if the offense would have occurred in the territorial jurisdiction of the United States.  U.S.S.G. § 2G2.2(b)(5), comment. (n.1).  Among the referenced sections, § 2422(b) prohibits knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of eighteen years to engage in any sexual activity for which any person could be charged with a criminal offense.  18 U.S.C. § 2422(b) (2006).

Incest is a criminal offense in Michigan under Mich. Comp. Laws Ann. § 750.520d. A person is guilty of criminal sexual conduct if he engages in sexual penetration of a person who is related to the actor by blood or affinity to the third degree, Mich. Comp. Laws Ann. § 750.520d(1)(d) (2003), or if force or coercion is used to accomplish the penetration, Mich. Comp. Laws Ann. § 750.520d(1)(b) (2003).

Dunn's insufficiency of the evidence claim fails in light of the ample evidence presented by the government at the sentencing hearing demonstrating that Dunn committed incest with his son on two different occasions.  The defendant's ex-wife testified that she engaged in sexual activity with the defendant and his biological son when the son was only sixteen or seventeen years old.  She also testified that on another occasion when

the son was about the same age, she saw the defendant and his son watching a pornographic video together in the son's room, while wearing only their robes. This was followed by an audible creaking of the stairs leading to the son's room and the son, "Rather loudly hollering, 'It's too big.'" The ex-wife testified that the defendant's son was either sixteen or seventeen years old when both incidents occurred. Based on this evidence, the district court did not clearly err in concluding, based on a preponderance of the evidence, that these incidents occurred.

Dunn's argument that these acts are not legally sufficient to trigger the five-level enhancement under U.S.S.G. § 2G2.2(b)(5) fails because these were coercive acts and they violated Michigan law. Parents are in a position of authority and exercise power over their children. As the sentencing court observed, most children, including sixteen year olds, have a desire to please their parents. The father-son relationship is inherently coercive in cases of abuse and the district court was entitled to infer that the defendant used his authority to coerce his son to engage in these incestuous acts.

Contrary to the defendant's contention, consent is not a defense to the crime of incest in Michigan. As the Michigan Court of Appeals has stated, Mich. Comp. Laws Ann. § 750.520d(1)(d) punishes "without regard to the parties' consent to the sexual activity." People v. Goold, 615 N.W.2d 794, 795 n.1 (Mich. Ct. App. 2000). Therefore, the arguments that the defendant's son was old enough to consent under Michigan law or that he did in fact consent are of no legal consequence.

**B.**

Finding no significant procedural error in the defendant's sentencing, we next consider the substantive reasonableness of the sentence under the deferential abuse-of-discretion standard.  Appellate courts may apply a presumption of reasonableness to sentences that fall within the advisory Guideline range.  See Rita v. United States, 127 S. Ct. 2456, 2465 (2007).  Since Dunn's sentence falls within the Guideline range, it is presumptively reasonable.  Furthermore, the district court considered the 18 U.S.C. § 3553(a) factors and made an individualized assessment of the appropriate sentence before imposing Dunn's sentence.  We are satisfied that the district court did not abuse its discretion in sentencing Dunn to 168 months' imprisonment and we conclude that the sentence is reasonable.

**IV.**

For the reasons stated, we **AFFIRM** the district court's judgment.