# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ERIC DARNELL GALLOWAY,

      Defendant-Appellant.

UNPUBLISHED
June 15, 2017

No. 329480
Oakland Circuit Court
LC No. 2004-194051-FC

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted after a bench trial of second-degree murder, MCL 750.317, first-degree fleeing or eluding a police officer, MCL 257.602a(5), operating a motor vehicle with a suspended license causing death, MCL 257.904(5), failure to stop at the scene of an accident causing death, MCL 257.617(3), two counts of second-degree fleeing or eluding resulting in serious injury, MCL 257.602a(4)(a), two counts of operating a motor vehicle with a suspended license causing serious injury, MCL 257.904(5), receiving or concealing a stolen motor vehicle, MCL 750.535(7), and possession of marijuana, MCL 333.7403(2)(d). He was sentenced, as a third habitual offender, MCL 769.11, to 32 to 50 years' imprisonment for the second-degree murder conviction, 14 to 30 years' imprisonment for the first-degree fleeing or eluding a police officer, operating a motor vehicle with a suspended license causing death, and failure to stop at the scene of an accident causing death convictions, 9 to 20 years' imprisonment for the two second-degree fleeing or eluding resulting in serious injury convictions, 4 to 10 years' imprisonment for the two operating a motor vehicle with a suspended license causing serious injury convictions, 3 to 10 years' imprisonment for the receiving or concealing a stolen motor vehicle conviction, and 235 days' jail time for the possession of marijuana conviction. This Court affirmed defendant's convictions and sentences.[1] The trial court subsequently denied defendant's motion for relief from judgment; he now appeals by leave granted.[2] We affirm.

---

[1] *People v Galloway*, unpublished opinion per curiam of the Court of Appeals, issued February 14, 2006 (Docket No. 257850), lv den 477 Mich 905 (2006).

[2] This Court denied defendant's delayed application for leave to appeal, *People v Galloway*, unpublished order of the Court of Appeals, entered December 21, 2015 (Docket No. 329480).

On June 11, 2004, the trial court held a pretrial hearing. During the hearing, defendant's trial counsel stated that he had met with defendant on June 10, 2004, to discuss a prosecution plea offer that included a sentence agreement of 10 to 15 years' imprisonment if defendant pleaded guilty to second-degree murder.[3] Defense counsel reminded the trial court that the plea offer had been discussed at a prior hearing and that the trial court had indicated it would be inclined to follow the *Cobbs* agreement.[4] Defense counsel stated that defendant had rejected the prosecution's offered plea agreement and that defendant requested a bench trial. The trial court stated that the proposed plea agreement "is way under the guidelines [and] is not on the table, after a Bench trial." In response, defense counsel stated that, "I've explained to [defendant] that it's a departure on the minimum end of eight and a half years -- [.]" The trial court replied, "[y]eah, that's substantial. And that will not even be considered -- [.]" Defendant's trial counsel responded, "[b]ecause the guidelines on a Habitual Third, even if he prevails on the manslaughter is still 50 to 150, which means he's probably going to get to -- [.]"

The trial judge clarified her position by noting that she had no problem with a bench trial if the prosecution agreed but that she wanted defendant to understand that "because he agrees to waive jury doesn't mean that I'm deviating below the guidelines. Okay? That's what I was saying to you at side bar." Defendant's trial counsel acknowledged the judge's statement with, "Okay, judge." The trial court then conducted a jury trial waiver colloquy with defendant, and during the colloquy the trial court asked defendant if he knew that the "sentence agreement that the Prosecutor and the - - and your attorney had worked out, is not on the table, after a Bench trial. You understand that?" Defendant replied, "I understand."

The trial court found defendant guilty of second-degree murder at the conclusion of the bench trial. On July 26, 2004, the trial court sentenced defendant. Defendant's recommended minimum sentence guidelines range was 365 to 900 months' imprisonment for his second-degree murder conviction. Ultimately, the trial court sentenced defendant to 32 to 50 years' (384 to 600 months') imprisonment for the second-degree murder conviction.

Defendant filed a motion for relief from judgment in the trial court *in propria persona*. Defendant contended that he was denied the effective assistance of counsel when his trial counsel gave him substandard advice regarding "his sentence exposure" during plea negotiations. Defendant argued that he had good cause for failing to raise this issue in his appeal of right due to a "[r]etroactive change in Law, and Ineffective Assistance of Appellant Counsel."[5]

---

But our Supreme Court remanded this appeal to this Court as on leave granted, and it denied defendant's motion for an evidentiary hearing. *People v Galloway*, 889 NW2d 247 (2017).

[3] A trial judge's preliminary evaluation of a sentence agreement of the parties in a criminal case is not binding on the court and if not followed, provides the defendant with "an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

[4] See n 3, *supra*.

[5] On appeal, defendant has abandoned his claim that there was a retroactive change in the law.

Defendant's claim of ineffective assistance of counsel was based on a letter sent to defendant by his trial counsel on June 8, 2004, in which trial counsel informed defendant that the prosecution had offered a plea bargain that included a sentence agreement. Counsel's letter advised defendant that if he pleaded guilty to second-degree murder then the prosecution "would enter into a sentence agreement with you, and approved by the Court, for a sentence of 10 to 15 years" in prison. Counsel also advised defendant in this letter that the prosecution's offered plea agreement was "a considerable departure from your guideline, which if you are convicted of Second Degree Murder is 225 months (18 and ¾ years) to 375 (31¾) months or life." The letter also advised defendant that if he was instead convicted of manslaughter then his "guidelines [would] be a minimum of 50 months, which is 4.2 years up to 150 months, which is 12.5 years." Finally, this letter warned defendant that the recommended guidelines were "the minimum [sentence ranges]" and that "[t]he maximum could be up to life because of the habitual charges."

Defendant contended that his trial counsel was ineffective because his calculation of defendant's recommended minimum sentence guidelines range differed from the trial court's final calculation of defendant's recommended minimum sentence guidelines range. Defendant argued that he relied on the inaccurate information provided to him by his trial counsel when he rejected the prosecution's offered plea agreement, and he contended that "but for" the inaccurate information provided to him by his trial counsel he would have accepted the prosecution's offered plea agreement. Additionally, defendant contended that his appellate counsel was ineffective for failing to raise this issue on direct appeal because defendant had notified appellate counsel of the issue, and he had provided appellate counsel with a copy of the letter he received from trial counsel that contained inaccurate advice. Therefore, defendant requested an evidentiary hearing pursuant to MCR 6.508(C), that the trial court vacate his convictions and sentences, and that the prosecution be ordered to reinstate its plea offer for defendant to consider that offer and enter a plea according to that plea offer's terms. Defendant eventually filed an affidavit in the trial court attesting to these facts.

Subsequently, the trial court appointed defendant's present counsel to represent defendant through the proceedings in the trial court. Defendant's present counsel filed a supplement to defendant's motion on October 2, 2014. He reasserted the errors that defendant alleged, and notably, he attached another letter to his supplement that was sent to defendant by defendant's trial counsel on June 2, 2004. In the June 2, 2004 letter, defendant's trial counsel provided his calculation of defendant's recommended minimum sentence guidelines range based on information that defendant had provided to counsel. Defendant's trial counsel concluded that defendant's prior record variable (PRV) level would be 47 points, and that defendant's total OV level would be 95 points, and that his recommended minimum guidelines sentence range for second-degree murder would be 225 to 375 months' imprisonment.

The trial court held a hearing on defendant's motion at which the parties relied on their filings. The trial court denied defendant's motion for relief from judgment, as it concluded that defendant had not demonstrated that he had suffered actual prejudice. The trial court did not rule on whether defendant had good cause for failing to raise the issue of ineffective assistance of counsel in his initial appeal. The trial court subsequently entered an order to that effect.

On appeal, defendant contends that the trial court erred when it denied his motion for relief from judgment because his trial counsel and appellate counsel on his direct appeal were ineffective. We disagree.

An evidentiary hearing was not held in the trial court. "[B]ecause the trial court did not hold an evidentiary hearing, our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). The record on appeal "consists of 'the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced.' " *People v Gingrich*, 307 Mich App 656, 659 n 1; 862 NW2d 432 (2014), quoting MCR 7.210(A)(1).

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). The trial court commits an abuse of discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law. *Id*. We will determine a trial court's finding is clearly erroneous if, on review of the entire record, we are left with a definite and firm conviction that a mistake has been made. *People v McSwain*, 259 Mich App 654, 682; 676 NW2d 236 (2003).

A defendant's claim of ineffective assistance of counsel presents a mixed question of law and fact. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *People v Grant*, 470 Mich 477, 484; 684 NW2d 686 (2004). This Court reviews the trial court's findings of fact for clear error, and reviews questions of constitutional law de novo. *Trakhtenberg*, 493 Mich at 47. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

A person convicted in a criminal case may move for relief from the judgment of conviction and sentence as provided in MCR 6.500 *et seq*. See *Swain*, 288 Mich App at 629. MCR 6.508(D) provides, in pertinent part,

> **(D) Entitlement to Relief.** The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> \* \* \*
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> >
> > (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

* * *

> (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case[.]

The "good cause" requirement "can be established by proving ineffective assistance of counsel." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004).

In reviewing claims of ineffective assistance of counsel, Michigan applies the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Hoag*, 460 Mich 1, 5-6; 594 NW2d 57, 59 (1999). This standard requires a convicted defendant establish "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. A defendant is also entitled to the effective assistance of counsel during the pretrial plea-bargaining process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). "A defendant seeking relief for ineffective assistance in this context must meet *Strickland's* familiar two-pronged standard by showing (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 162. When a defendant contends that trial counsel's ineffectiveness resulted in prejudice because the defendant rejected a plea offer and stood trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 164 (quotation marks omitted).]

As with any claim of ineffective assistance of counsel, the defendant must establish the factual predicate of his claim. *Douglas*, 496 Mich at 592, citing *Hoag*, 460 Mich at 6.

Defendant contends on appeal that his trial counsel provided him with inaccurate advice regarding the sentence he faced upon conviction of second-degree murder, and that this error resulted in defendant rejecting the prosecution's offered plea agreement. During the hearing on defendant's motion for relief from judgment, both parties conceded that defendant's trial counsel erred when he calculated defendant's recommended minimum sentence guidelines range.

Trial counsel's performance did not fall below an objective standard of reasonableness. Defendant's trial counsel ultimately failed to correctly predict, based on information defendant provided, the trial court's calculation of defendant's recommended minimum sentence guidelines

range with accurate information. But this Court has held that "[c]ounsel's incorrect prediction concerning defendant's sentence . . . is not enough to support a claim of ineffective assistance of counsel." *In re Oakland Co Prosecutor*, 191 Mich App 113, 124; 477 NW2d 455 (1991). Trial counsel accurately advised defendant in his June 8, 2004 letter to defendant that the prosecution's offered plea agreement was a "considerable departure" from his recommended minimum sentence guidelines range. And at the subsequent pretrial hearing, trial counsel stated on the record while defendant was present, that he had "explained to [defendant] that [the plea agreement was] a departure on the minimum end of eight and a half years now . . . ." Moreover, as the trial court observed, counsel's two letters advised defendant that he could receive a minimum sentence within the guidelines of 375 months for second-degree murder, which was very close to defendant's actual minimum sentence for that offense of 384 months. In sum, defendant cannot demonstrate that his trial counsel rendered objectively unreasonable assistance.

Further, even if defendant established that his counsel's error resulted in performance that fell below an objective standard of reasonableness, he cannot establish that he was prejudiced by his trial counsel's error. In order to demonstrate prejudice defendant must show not only that he would have accepted the plea offer but also that the prosecution would not have withdrawn it in light of intervening circumstances. See *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 164. During the hearing at which defendant rejected the offered plea agreement, the trial court noted that the proposed plea agreement was "substantial" and that it would "not even be considered" at a later time. Trial counsel responded to the trial court, "because the guidelines on ]a Habitual Third, even if he prevails on manslaughter is [sic] still 50 to 150, which means he's probably going to get to . . . ." Further, the trial court subsequently advised defendant that "this sentence agreement that the Prosecutor and the - - and your attorney had worked out, is not on the table, after a Bench trial. You understand that?" Defendant replied, "I understand." Further, in two letters, defense counsel advised defendant that if convicted of second-degree murder, he could receive a sentence within guidelines very close to that which he actually received.

Thus, defendant understood that by going to trial he could and likely would receive a greater sentence than that offered in the plea agreement if he was convicted of second-degree murder. During trial, defendant conceded his guilt to every crime he was charged with except for second-degree murder. And defendant repeatedly told Michigan State Police Trooper Adam Henderson that he did not want to "go to jail" and that he could not serve 10 years in prison.

Defendant's statements, his trial strategy, and his trial counsel's comments during the pretrial hearing all show that defendant rejected the prosecution's offered plea agreement with the hope that he would be convicted of manslaughter and not second-degree murder. Then, he would face a recommended minimum sentence range of 50 to 150 months' incarceration. Thus, on this record, we can find no clear error by the trial court determining that defendant failed to prove the factual predicate of his claim of ineffective assistance of counsel, i.e., that he would have accepted the prosecution's offered plea agreement if he had known his actual guidelines recommended minimum sentence range upon conviction of second-degree murder. *Douglas*, 496 Mich at 592; *Hoag*, 460 Mich at 6.

Because defendant failed to establish either prong of his ineffective assistance of counsel claim during the plea-bargaining stage of the proceedings, *Douglas*, 496 Mich at 591-592, we

conclude that the trial court did not abuse its discretion when it denied defendant's motion for relief from judgment, *Swain*, 288 Mich App at 628.

Defendant's contention that his appellate counsel was ineffective for not raising the issue of ineffective assistance of trial counsel also fails.

"[T]he test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel." *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008). A defendant "must show that his appellate counsel's decision not to raise a claim of ineffective assistance of trial counsel fell below an objective standard of reasonableness and prejudiced his appeal." *Id*. A defendant must "overcome the presumption that his appellate counsel's decision constituted sound strategy." *Id*.; see also *Trakhtenberg*, 493 Mich at 52. It is a reasonable strategy for appellate counsel to "winnow out weaker arguments in order to focus on those arguments that are more likely to prevail." *Uphaus*, 278 Mich App at 186-187, citing *People v Reed*, 449 Mich 375, 391; 535 NW2d 496 (1995). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

As discussed above, defendant's claim of ineffective assistance of trial counsel was meritless. That defendant's appellate counsel failed to raise that claim cannot constitute ineffective assistance of appellate counsel because defendant cannot demonstrate that he was prejudiced by his appellate counsel's failure to do so. Thus, although the trial court did not reach this issue, defendant cannot demonstrate good cause for his failure to raise his claim of ineffective assistance of counsel on his direct appeal. That defendant cannot demonstrate good cause under MCR 6.508(D)(3)(a) provides an alternative basis for concluding that the trial court did not abuse its discretion when it denied defendant's motion for relief from judgment. See *People v Goold*, 241 Mich App 333, 342 n 3; 615 NW2d 794 (2000) ("[W]hen a lower court reaches the right result even for the wrong reason, this Court will affirm.").

Last, defendant contends that the trial court committed reversible error because it based its ruling on defendant's motion for relief from judgment on the trial judge's personal disagreement with the holding of *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). Defendant's argument is based on his misreading of the record. Although the trial court expressed disagreement with our Supreme Court's decisions permitting trial judges to engage on a limited basis in the plea-bargaining process, the court also stated it recognized it must follow the law as decided by higher courts. Specifically, the trial court observed that "its place in the scheme [was] no place" and analyzed defendant's argument "in light of a judicial process which authorizes . . . judicial sentencing bargaining." The trial court did not err.

We affirm.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro